**Eric J. WHITE, Plaintiff–Appellant,**

v.

**William HENDERSON, Postmaster General, Defendant–Appellee.**

No. 01–3296.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; HOOD, District Judge.*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Eric J. White, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII, 42 U.S.C. § 2000e; the Age Discrimination in Employment Act, 29 U.S.C. § 621; the Rehabilitation Act, 29 U.S.C. § 701; the Back Pay Act, 5 U.S.C. § 596; and 5 U.S.C. § 7703. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, White sued the Postmaster General of the United States because he was terminated from his job with the postal service. White's termination was a result of violating the service's "no tolerance" policy against violence in the workplace. The incident in question concerned an altercation that White had with his wife, who was also a postal employee. Following a bench trial, the district court entered judgment in favor of the Postmaster General. In his timely appeal, White essentially argues that he should not have been fired because the punishment was disproportionate to the offense.

White appeals both the district court's bench trial decision and its order of summary judgment. In considering a district court's decision following a bench trial, this court reviews findings of fact under a clearly erroneous standard. *See* Fed. R.Civ.P. 52(a); *American Postal Workers Union v. United States Postal Serv.*, 871 F.2d 556, 561 (6th Cir.1989). Conclusions of law are reviewed de novo. *See Affiliated FM Ins. Co. v. Owens–Corning Fiberglas Corp.*, 16 F.3d 684, 686 (6th Cir.1994). We also review de novo the district court's grant of summary judgment. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.

1997). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c).

The basis of White's appeal is that his actions did not warrant removal from his position. Rather, he advocates that a lesser punishment was appropriate. However, White does not contest the district court's findings of fact which establish that: 1) White knew of the postal service's "zero tolerance" policy regarding workplace violence; 2) violation of the policy includes termination; and 3) White violated that policy by shouting and physically abusing his wife at work. White also does not contest the district court's finding that another employee who was not fired for violating the "zero tolerance" rule was not similarly situated to himself.

To support his position that a disproportionate and unreasonable penalty warrants mitigation to a lesser penalty, White cites *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280 (1981). However, the district court found that White was not remorseful for his actions and continued to deny any wrongdoing. White's actions were unprovoked and he attempted to characterize his physical altercation with his wife as "sensuous." Because there is simply no evidence that the district court's findings of fact were clearly erroneous or its subsequent legal conclusions incorrect, White's argument is meritless.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.